# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARNELL RICHARD SMITH** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 18-591** |
| | : | |
| **WELLES FARGO DEALER** | : | |
| **SERVICES,** *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **February 26, 2018**

Darnell Richard Smith *pro se* sues "Welles Fargo Dealer Services," "Office of the Presidents (Jackie)," Monte Hains, Sandra Z., Tom M., Marna M., and Diane Phillips for failing to answer his complaint and discovery in state court challenging Wells Fargo's alleged repossession of his car. He won a default judgment in state court. But he seeks damages in the Court representing the amount of a default judgment he obtained in state court where he already challenged the repossession of his vehicle. He seeks damages for emotional distress, inconvenience, fraud and theft of his property. He also moves to proceed *in forma pauperis*. While we grant him leave to proceed *in forma pauperis*, we dismiss Mr. Smith's Complaint with prejudice as he cannot state a claim for relief within our limited jurisdiction because the Defendants did not answer his state court complaint.

**I.     Facts discerned from Mr. Smith's Complaint.**

Other than somehow involving repossession of his car, Mr. Smith claims are difficult to discern. He cites the Fair Credit Reporting Act, 15 U.S.C. § 1681; several constitutional provisions; and, 31 U.S.C. § 5118, as his basis for invoking our limited federal court jurisdiction. After reviewing his Complaint, we understand Mr. Smith's claims arise from a dispute with

Wells Fargo related to the repossession of his car. It appears Mr. Smith believes Wells Fargo improperly repossessed his car "without a court order," which caused him to file for bankruptcy to get his car back.[1] He does not describe his relationship with Wells Fargo or contracts related to the financing of the allegedly repossessed car. It appears someone returned Mr. Smith's car to him on January 13, 2018 possibly as a result of his filing a bankruptcy.[2]

This repossession serves as only the background for Mr. Smith's case here. Mr. Smith's claim revolves around Wells Fargo's refusal to answer his earlier filed state court complaint against it also relating to this repossession. Mr. Smith claims Wells Fargo failed to respond to those proceedings, resulting in a default judgment in his favor. A copy of the state court docket attached to the Complaint reflects the state court entered default judgment of $19,500 in Mr. Smith's favor on December 15, 2017. He won in state court but claims damages here against the same Wells Fargo Dealer Services and other parties for not answering his state court case.

Mr. Smith began this case on February 12, 2018 seeking damages and the title to his vehicle. In addition to his Complaint and *in forma pauperis* Motion, Mr. Smith filed an exhibit with documents from his state court action, discovery requests, and correspondence with Wells Fargo.

## II. We dismiss Mr. Smith's Complaint after granting *in forma pauperis* status.

We grant Mr. Smith leave to proceed *in forma pauperis* as he is not capable of paying the fees to commence this civil action. As Mr. Smith is proceeding *in forma pauperis*, Congress requires we dismiss his Complaint if he fails to state a claim.[3]

To survive dismissal, Mr. Smith must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "[M]ere conclusory statements[] do not suffice."[5] We may dismiss claims based on an affirmative defense if the affirmative defense is

2

obvious from the face of the complaint.⁶ As Mr. Smith is proceeding *pro se*, we construe his allegations liberally.⁷

We are not a court of appeals for the state court. We cannot force Mr. Smith's state court opponents to answer pleadings in state court. We cannot revisit or change findings in the state court. Mr. Smith does not state a claim. Mr. Smith cannot state a claim solely by relying on exhibits or pleadings from other cases. He must plead facts explaining what each Defendant did and how the Defendants' actions caused him harm.

Mr. Smith is attempting to pursue improper claims here. Mr. Smith cites constitutional provisions, but any claims under 42 U.S.C. § 1983 for violation of his constitutional rights fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."⁸ Section 1983 is not applicable here because the Defendants are not state actors.

Mr. Smith cites the Fair Credit Reporting Act. But he does not allege facts the Defendants used Mr. Smith's credit information in an inappropriate manner or any other basis for concluding that the Defendants violated the Act.⁹ To the extent Mr. Smith seeks to pursue a remedy under 31 U.S.C. § 5118 relating to "gold clauses and consent to sue," his claims fail because this statute does not provide Mr. Smith an apparent basis for relief.¹⁰ Likewise, Mr. Smith's cite to Pennsylvania's commercial code, 13 Pa. Cons. Stat. § 1204, does not offer a basis for relief.

While not plead anywhere, some of Mr. Smith's exhibits reference the Fair Debt Collection Practices Act (FDCPA). The FDCPA prohibits debt collectors from using false, misleading, deceptive, unfair, or unconscionable means of collecting a debt.¹¹ Mr. Smith

suggests Wells Fargo improperly repossessed his car without a court order."[12] A court order is not required to repossess his car and it is not clear what other conduct Mr. Smith is challenging giving rise to a plausible FDCPA claim.[13] It is not clear how, if at all, Wells Fargo violated the FDCPA. In any event, private litigants are limited to a damages remedy under the FDCPA, so Mr. Smith is not entitled to any injunctive relief under that statute.[14]

Mr. Smith judicially admits already procuring a default judgment against Wells Fargo Dealer Services based on the same conduct at issue here. He does not plead why we, as a Court of limited jurisdiction, have a role in his state court efforts against those involved in repossessing a car. He is seemingly claiming harm because the Defendants did not answer his complaint in state court. The state court already afforded him the remedy of a default judgment.

### III. Conclusion

Mr. Smith earlier obtained a judicial remedy arising from the repossession of a car. He now sues based on the same harm but fails to state a claim. Mr. Smith cannot cure the defects in this Complaint and allowing him to amend against these parties is futile. In the accompanying Order, we grant Mr. Smith leave to proceed *in forma pauperis* but dismiss his case with prejudice.

---

[1] ECF Doc. No. 1-2.

[2] *Id.*

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[5] *Id.*

[6] *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

---

[7] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[8] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[9] *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) ("The FCRA is intended to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.").

[10] *See Deutsche Bank v. Moment*, No. 12-4261, 2012 WL 4479281, at *1 (E.D. Pa. Sept. 28, 2012) ("[T]he Court cannot discern how admiralty law, or 31 U.S.C. § 5118, which concerns 'gold clauses' in contracts, could provide plaintiff any relief in this action.").

[11] *See* 15 U.S.C. §§ 1692e & 1692f.

[12] ECF Doc. No. 1-2 at 6.

[13] *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 147 (3d Cir. 2016) ("Pennsylvania law expressly permits a secured party to 'take possession of the collateral' after default, 'without judicial process if it proceeds without breach of the peace.'" (quoting 13 Pa. Cons. Stat. § 9609)).

[14] *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016); *see also Franklin v. GMAC Mortg.*, 523 F. App'x 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA.").